UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BAILEY, | * CIVIL ACTION NO. |
| Individually and on Behalf of | * |
| the Class, | * |
| | * |
| VERSUS | * JUDGE: |
| | * |
| | * |
| DOMINO'S PIZZA LLC | * MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE RELIEF

The Complaint of Plaintiff, JONATHAN BAILEY, domiciled in the State of Louisiana, on behalf of all others similarly situated, respectfully represents the following:

## NATURE OF THE CASE

1.

This suit asserts allegations that defendant DOMINO'S PIZZA LLC ("Domino's") violated the Telephone Consumer Protection Act (47 U.S.C. § 227) (TCPA) with its marketing and advertising campaigns by sending text message advertisements. In particular, Defendant advertised its products and services by transmitting text message advertisements to thousands of recipients without their prior express consent. The transmission of text message advertisements without the recipients' consent violates 47 U.S.C. § 227(b)(1)(A).

2.

This suit is brought on behalf of all recipients in the state of Louisiana of text message advertisements sent or placed by Domino's within the last four years without the recipients' prior express consent. Plaintiff reserves the right to conduct discovery and/or amend the class definition to increase the scope of the putative class upon discovery of information that

text messages were sent to recipients in states other than Louisiana.

3.

Plaintiff, on behalf of himself and a class of similarly situated persons, brings this suit under the TCPA for injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

4.

This Honorable Court has sole and exclusive jurisdiction over this action under the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) ("TCPA" or "Act").  The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies.  47 U.S.C. § 227(b)(3).

5.

Further, this action involves one party which is domiciled in the state of Louisiana and the other in the state of Michigan, which creates diversity jurisdiction pursuant to 28 U.S.C.A. §1332.

6.

In addition, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

## DESCRIPTION OF THE PARTIES

7.

Plaintiff party is:

JONATHAN BAILEY, a major individual domiciled in the Parish of Orleans, State of Louisiana, and Eastern District of Louisiana.  Plaintiff received multiple text message advertisements from Domino's on his cellular telephone within the last four years.

8.

Defendant party is:

DOMINO'S PIZZA LLC ("Domino's"), a limited liability company headquartered in Michigan with its principal place of business located at30 Frank Lloyd Wright Drive, Ann Arbor, Michigan 48106. Domino's transacts business in the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

9.

In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.

The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of sections 227(b)(1)(A) prohibits the use of autodialers to make any call to a wireless phone number in the absence of an emergency or the prior express consent of the called party.

11.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

12.

One of the newest types of bulk marketing enlisting this technology are Short Message Services ("SMS"). The TCPA and the related regulations extend to apply to text message advertisements sent to cellular telephones.

3

13.

Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Domino's to demonstrate that Plaintiff and the others members of the Class provided express consent within the meaning of the statute.

**Transmitting and Receipt of the Texts**

14.

Domino's transmitted, or caused to be transmitted, thousands of unsolicited text messages through the use of Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters.

15.

An "SMS message" is a text message call directed to a wireless device, usually a cellular telephone, through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone typically rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

16.

Unlike more conventional solicitations, wireless spam actually costs its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a specified number of messages, regardless of whether or not the message is authorized.

17.

Text message advertisements sent to cellular telephones violate the TCPA. In particular, the Defendant transmitted text messages using an "automatic telephone dialing system" to cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

4


18.

The complained of text messages were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.

None of the recipients of the text messages gave their "prior express consent" allowing Defendant to transmit the text messages to them.

20.

Identical text messages transmitted by an "automatic telephone dialing system" were similarly sent on repeated occasions to other cellular phone numbers belonging to the members of the class during the last four years.  None of those subscribers gave Defendant their prior express consent to receive the text messages and they were not made for emergency purposes.  All of the text messages advertised Defendant's services and products: home delivery pizzas.

21.

Upon information and belief, all of the text messages were sent from the SMS short code "366-466."  This SMS short code is owned either by Defendant or by a company or companies retained by Defendant to transmit marketing campaigns on its behalf.

22.

Similar or identical text message advertisements were sent to thousands of cellular telephone numbers subscribed to by Plaintiff and the class members over the past four years in violation of the TCPA.

**STANDING**

23.

On Saturday, March 14, 2009 at 11:05 AM Plaintiff received the following unsolicited text message and/or advertisement transmitted and/or initiated by or on behalf of Defendant, in violation of 47 U.S.C. § 227 et seq. and 47 C.F.R. § 64.1200.  It was transmitted from the SMS code 366-466 and read as follows:

5

Get 3 or more Medium 1 Topping Domino's Pizzas for $5.55 each.   Use promo code M555online.   http://m.dominos.com?pc=M555&un=ravensrants

Reply STOP to opt out

24.

On Saturday, March 28, 2009 at 11:06 AM Plaintiff received the following unsolicited text message and/or advertisement transmitted and/or initiated by or on behalf of Defendant, in violation of 47 U.S.C. § 227 et seq. and 47 C.F.R. § 64.1200.  It was transmitted from the SMS code 366-466 and read as follows:

Get 3 or more Medium 1 Topping Domino's Pizzas for $5.55 each.   Use promo code M555online.   http://m.dominos.com?pc=M555&un=ravensrants

Reply STOP to opt out

25.

On Friday, April 3, 2009 at 11:07 AM Plaintiff received the following unsolicited text message and/or advertisement transmitted and/or initiated by or on behalf of Defendant, in violation of 47 U.S.C. § 227 et seq. and 47 C.F.R. § 64.1200.  It was transmitted from the SMS code 366-466 and read as follows:

3+ Med 1-top pizzas or Sandwiches for $5 each.  Use promo code MBTB online.   http://m.dominos.com?pc=MBTB&un=ravensrants

Reply STOP to opt out

26.

Plaintiff never, at any time, gave the Defendant his prior consent to receive any text message advertisements at any time, including the three described above.

27.

The unsolicited text messages and/or advertisements from Defendant advertised specials and discounts on its pizzas.  The text messages were received by Plaintiff on his cellular telephone.  The cellular telephone number on which he received the text message is owned and subscribed to by Plaintiff.  Plaintiff incurs all of the costs associated with the receipt of the text messages on that cellular telephone, including cost of service, cost of the cellular telephone, inconvenience, interruption of other usage of the cellular telephone, and

6

the invasion of privacy.

28.

Plaintiff's claims are typical and representative of the claims asserted by the class he seeks to represent.

29.

Plaintiff is entitled to recovery of statutory damages as provided for by 47 U.S.C.A. § 227 *et seq*., specifically including 47 U.S.C. 227(b)(3)(A).

## CLASS ALLEGATIONS

30.

Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b) on behalf of himself and the following Class (the "Class"): All persons in the state of Louisiana who, within the last four years, received a text message advertisement on their cellular telephone placed or transmitted by or on behalf of Domino's Pizza LLC without the subscriber's prior express consent. However, Plaintiff reserves the right to conduct discovery and/or amend the class definition to increase the scope of the putative class upon discovery of information that text messages were sent to recipients in states other than Louisiana.

31.

The Class consists of thousands of individuals and other entities who are geographically dispensed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(b). The exact size of the respective classes and identities of the individual members thereof are ascertainable through Defendant's records, or the records of its representatives, including but not limited to the transmission logs.

32.

The claims of Plaintiff are typical of the claims of the respective class members. The claims of the Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the respective class members.

33.

The respective classes have a well-defined community of interest.  The Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

34.

There are many questions of law and fact common to the claims of Plaintiff and the respective class members, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(b).

35.

Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

(a)     Whether Defendant's conduct violates 47 U.S.C. § 227(b)(1)(A);

(b)     Whether Defendant's texts were made for an emergency purpose;

(c)     Whether Defendant obtained the text message recipients' prior express consent;

(d)     Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendant;

(e)     Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

(f)     Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining defendant from continuing to engage in its unlawful conduct.

36.

Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.   The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and

promotes consistency and efficiency of adjudication.

37.

Plaintiff will fairly and adequately represent and protect the interests of the respective

class members.  Plaintiff has retained counsel with substantial experience in prosecuting

complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously

prosecuting this action on behalf of the respective class members, and have the financial

resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the

respective class members.

38.

This action is brought and may properly be maintained as a class action pursuant to the

provisions of Federal Rule of Civil Procedure 23(b).  This action satisfies the numerosity,

commonality, typicality, adequacy, predominance, and superiority requirements of these

statutory provisions and the jurisprudence of the courts.

## LIABILITY PURSUANT TO THE TCPA

39.

Defendant transmitted and/placed, or caused to be transmitted/placed, text messages

to Plaintiff and the Class using an automatic telephone dialing system, within the meaning of

47 U.S.C. § 227(a).  The equipment used by Defendant had the capacity to store or produce

telephone numbers to be called, using a random or sequential number generator, and to dial

such numbers.  By using such equipment, defendant, or its agent, were able to make thousands

of calls to the subscribers of cellular phone numbers and transmit text messages to subscribers

of cellular telephone numbers automatically without human intervention.

40.

These calls/texts were made *en masse* and without the prior express consent of Plaintiff

and the other members of the Class.

41.

Thus, Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it

"unlawful for any person within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone."

42.

Moreover, Defendants failed to satisfy the requirements set forth by 47 C.F.R. §64.1200 (d), which is a separate and independent violation under the Act.  That regulation provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."  The procedures instituted must meet the following minimum standards:

(1)    Written policy.  Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2)    Training of personnel engaged in telemarketing.  Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3)    Recording, disclosure of do-not-call requests.  If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Person or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

(4)    Identification of sellers and telemarketers.  A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.  The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5)    Affiliated persons or entities.  In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose

behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6)    Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

43.

47 C.F.R. §64.1200 (e) provides that §64.1200 (d) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278 FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protection as wireline subscribers.

44.

Defendants violated § 64.1200(d) by initiating calls/text messages for telemarketing purposes to wireless telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls or texts from them, and in particular by (1) failing to have a written policy for maintaining a do-not-call list; (2) failing to inform and train telemarketing personnel in the existence and use of the do-not-call list; (3) failing to record do-not-call list at the time the request is made; (4) failing to honor called parties' do-not-call requests within a reasonable time from the date such request is made and no later than thirty days from the date such request; and/or (5) failing to provide called parties with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a working telephone number or address at which the person or entity may be contacted.

## DAMAGES UNDER THE TCPA

### 45.

Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover for actual monetary loss from a violation of the TCPA, or to receive $500 in damages for each such violation, whichever is greater.

### 46.

Accordingly, as a proximate result of the Defendant's conduct, the plaintiff Class has incurred actual damages associated with the cost of the receipt of the texts, usage of cellular phone minutes and plan allowances, inconvenience, and the invasion of the recipient's privacy.

### 47.

Further, in the alternative, the plaintiff Class is entitled to recover statutory damages under the Act, as set forth above, based on the placing/transmission of the texts by Defendant.

### 48.

The plaintiff Class is also entitled to recover statutory damages, separate and apart from the actual and statutory damages recoverable for the placing of the texts, based on Defendant's failure to implement procedures as outlined by 47 C.F.R. § 64.1200(d).

### 49.

In addition, if the court finds that the Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under 47 U.S.C. § 227(b)(3).

## INJUNCTIVE RELIEF

### 50.

Additionally, plaintiff Class is entitled to request that Defendant be enjoined from placing or transmitting any more text message advertisements pursuant to 47 U.S.C. § 227(b)(3)(A).

## DEMAND FOR PRESERVATION

51.

Plaintiff also specifically demands that Defendant retain and preserve all records related to the allegations in this Petition.  Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1)     Scripts or copies of the text message advertisements sent within the last four years;

(2)     List of all phone numbers to which text message advertisements were sent within the last four years;

(3)     List of all persons or phone numbers who requested to opt-out of receiving text messages over the past four years;

(4)     Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to you by any company or person you retained to transmit text message advertisements on your behalf within the last four years;

(5)     Any proof you contend shows that you obtained the prior express consent of any recipient of your text message advertisements;

(6)     Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of text message advertisements sent by you or on your behalf within the last four years;

(7)      Copies of any and all policies or procedures implemented by you with regard to the transmission of text message advertisements, as well as marketing activities and restrictions;

(8)     Documents related to your cost for transmitting the text message advertisements sent by you or on your behalf within the last four years; and

(9)     Demand is made on you to notify any third parties or vendors retained by you to send text message advertisements of this preservation demand and request production fo any documents requested through this demand.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and as representative of all other persons similarly situated, pray for judgment against the defendants, as follows:

(1)     An Order certifying the Class under the appropriate provisions of Federal Rule of Civil Procedure 23(b) and appointing the plaintiff and his counsel to represent the class;

(2)     For compensatory damages as alleged herein;

(3)     For statutory penalties as provided for under 47 U.S.C. § 227(b)(3);

(4)     For an injunction restraining Defendant from transmitting any more messages;

(5)     For pre-judgment interest from the date of filing this suit;

(6)     For reasonable attorney's fees;

(7)     For all costs of this proceeding; and

(8)     For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

RESPECTFULLY SUBMITTED,

**KEOGH, COX & WILSON, LTD.**

BY:___s/Christopher K. Jones_____
JOHN P. WOLFF, III, Bar #14504
CHRISTOPHER K. JONES, Bar #28101
701 Main Street
Baton Rouge, Louisiana  70802
Telephone:  (225) 383-3796
Facsimile: (225) 343-9612
jwolff@kcwlaw.com
cjones@kcwlaw.com

-and-

Philip Bohrer, Bar #14089
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
phil@bohrerlaw.com

14