# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN BAILEY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-04** |
| | * | |
| **DOMINO'S PIZZA, LLC** | * | **SECTION "L"(3)** |

## ORDER & REASONS

The Court has pending before it Plaintiff Jonathan Bailey's Motion for Reconsideration (Rec. Doc. 43).  The Court has reviewed the briefs and now issues this Order and Reasons.

**I.    Background**

This putative class action arises out of alleged unsolicited cellular phone text messages sent by Defendant, Domino's Pizza LLC, to Plaintiff Jonathan Bailey and other Louisiana recipients.  Plaintiff alleges that he received three unsolicited text messages on his cellular phone advertising discounts on Domino's Pizza products.  The last message was allegedly sent on April 3, 2009.  He filed suit in this Court on December 22, 2010, asserting violations of the Telephone Consumer Protection Act and associated regulations.  The Complaint proposes a class action on behalf of "[a]ll persons in the state of Louisiana who, within the last four years, received a text message advertisement on their cellular telephone placed or transmitted by or on behalf of Domino's Pizza LLC without the subscriber's express consent."

Defendant filed a motion to dismiss based in part on prescription.  On April 27, 2011, the Court issued an Order and Reasons granting Defendant's motion to dismiss, for reasons that will be discussed in greater detail below.  Briefly, because binding Fifth Circuit precedent held that

TCPA claims are subject to exclusive state-court jurisdiction and could be heard in federal court only pursuant to diversity jurisdiction, the Court concluded that Louisiana's one-year prescriptive period applied and barred Plaintiff's TCPA claims.  (Rec. Doc. 42).

Plaintiff timely filed this motion for reconsideration.  (Rec. Doc. 45).  After Plaintiff filed the motion for reconsideration, the Supreme Court of the United States granted *certiorari* in *Mims v. Arrow Financial Services* on the question of whether TCPA claims were subject to exclusive state-court jurisdiction or concurrent federal- and state-court jurisdiction.  Although the *Mims* case did not directly implicate the prescription issue in this case, the Court felt that a Supreme Court case addressing jurisdiction over TCPA claims could offer some guidance to resolving the pending motion for reconsideration.  Accordingly, the Court held the motion for reconsideration in abeyance pending an opinion in the *Mims* case.

The Supreme Court ruled on January 18, 2012.  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).  In *Mims*, the Court unanimously held that TCPA claims are subject to concurrent state and federal-court jurisdiction, thus overruling the Fifth Circuit precedent cited by the Court in granting Defendant's motion to dismiss.  The Court ordered supplemental briefing, which the parties have provided.

## II.    Present Motion

The motion for reconsideration, as augmented by the supplemental briefing, raises two questions.  The first question is whether *Mims* impliedly undermines this Court's prior reasoning and warrants applying the four-year federal statute of limitations to Plaintiff's TCPA claim, in which case Plaintiff's claims are not prescribed.  If *Mims* has no effect, the second question (and Plaintiff's original ground for reconsideration) is whether the Court should apply Louisiana's

one-year prescriptive period or Michigan's three-year statute of limitations.

## III.  Law & Analysis

### A.  Standards for Motions to Dismiss and Motions for Reconsideration

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted.  In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  Dismissal under Rule 12(b)(6) may be appropriate on the basis of an affirmative defense that appears on the face of the complaint.  *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006).

Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b).  *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  Rule 59(e) governs when the motion is filed within 28 days of the challenged order.  *See* Fed. R. Civ. P. 59(e).  Because Plaintiff's Motion was filed within 28 days of entry of the Court's Order and Reasons, Rule 59(e) governs.

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence.  *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479

3

(quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"  *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).  "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law."  *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e)  "is an extraordinary remedy that should be used sparingly."  *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).  "A Rule 59(e) motion should not be used to re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction."  *Voisin v. Tetra Technologies, Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).  District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment."  *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).  Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend."  *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

   **B.**   **Prescriptive Periods and the TCPA**

   This remains a fascinating question of statutory interpretation.  Ultimately, the Court concludes that *Mims* has changed the landscape of TCPA claims such that federal rather than state prescriptive law applies to TCPA claims filed in federal court.  To reach that conclusion, the Court will summarize its prior Order and Reasons and explain its view of the significance of the holding in *Mims*.  Then, the Court will elaborate how *Mims* expressly and impliedly undermines the Court's reasoning and warrants a different analysis of the prescriptive period

4

issue.

Plaintiff asserts a private claim pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, which bars certain telemarketing activities.  The TCPA creates a private right of action to recover damages or penalties for some of those violations:

> (3) A person or entity may, ***if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State***–
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>> (C) both such actions.

*Id.* at § 227(b) (emphasis added).[1]  The TCPA does not contain an explicit statute of limitations for private claims.

Congress has also enacted a catch-all four-year statute of limitations for civil actions arising under federal law:

> ***Except as otherwise provided by law***, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

28 U.S.C. § 1658(a) (emphasis added).  The TCPA post-dates § 1658.

The parties continue to dispute whether the default four-year statute of limitations applies to Plaintiff's TCPA claims, or whether the TCPA incorporates state prescriptive periods and thus "otherwise provide[s] by law" and displaces § 1658.  The Court issued an Order and Reasons acknowledging the persuasive arguments for both positions, but ultimately agreed with the latter

---

[1]Plaintiff's claims accrued in 2009; the TCPA was amended effective December 22, 2010, but the amendments have no effect on the issues here.  Truth in Caller ID Act of 2009, Pub. L. 111-331, 124 Stat. 3572.

interpretation and dismissed Plaintiff's claim as prescribed.

At the time the Court ruled, it was the law in this circuit that "Congress intended the state courts to have exclusive jurisdiction over private actions filed under the TCPA." *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997), *overruled by Mims v. Arrow Financial Svcs., LLC*, 312 S. Ct. 740 (2012).[2]  TCPA claims were not subject to federal-question jurisdiction under 28 U.S.C. § 1331 and the Court had only diversity jurisdiction over Plaintiff's claims.  Because diversity was the basis for jurisdiction, pursuant to *Erie* principles the Court found it appropriate to apply Louisiana prescriptive law.  In addition, the Court noted that the plain language of § 227(b)(3) supported applying Louisiana prescriptive law because a TCPA claim may be brought only "if otherwise permitted by the laws ... of a State."  At the time, that language reflected Congress's intent not to burden states with claims that could only be brought in state court and "to respect each state's own deliberate policy decision regarding the balance between allowing plaintiffs time to assert their rights and granting defendants a reasonable period of repose."  (Rec. Doc. 42 at 11).

In *Mims v. Arrow Financial Services, LLC*, the Supreme Court overruled *Chair King* and changed the law in this Circuit.  In a unanimous opinion, the Court held that a private TCPA cause of action arises under federal law for the purposes of 28 U.S.C. § 1331, and is subject to

---

[2]The Second, Third, Fourth, Ninth, and Eleventh Circuits agreed with the Fifth.  *See Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs.*, 156 F.3d 432 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146 (4th Cir. 1997); *Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998).  The Sixth and Seventh Circuits held that a TCPA claim arose under federal law for the purposes of 28 U.S.C. § 1331.  *See Charvat v. EchoStar Satellite, LLC.*, 630 F.3d 459, 463-65 (6th Cir. 2010); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005).

concurrent state- and federal-court jurisdiction.  *See* 312 S. Ct. at 747.  The Court proceeded

from two premises.  First, "[b]ecause federal law creates the right of action and provides the

rules of decision, Mims's TCPA claim, in 28 U.S.C. § 1331's words, plainly 'aris[es] under' the

'laws ... of the United States.'" *Id.* at 748 (first alteration added).  Second, the Court noted the

"deeply rooted presumption in favor of concurrent state court jurisdiction." *Id.*  Looking to the

TCPA, the Supreme Court found nothing in the language, purpose, or legislative history of the

statute that displaced those default rules.  *See id.* at 749-53.

       In particular, the Supreme Court scrutinized § 227(b)(3).  "Nothing in the permissive

language of § 227(b)(3) makes state-court jurisdiction exclusive, or otherwise purports to oust

federal courts of their" jurisdiction over federal claims.  *See id.* at 749.  However, that did not

render § 227(b)(3) meaningless or ineffective; rather, the Court opined that "Congress may

simply have wanted to avoid any argument that state courts" had jurisdiction concurrent with the

federal courts.  *See id.* at 750; *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451

(7th Cir. 2005) (explaining that § 227(b)(3) remains meaningful because "restating an

established norm can be beneficial, if only because it avoids any argument that for this law

*federal* jurisdiction is exclusive") (emphasis in original).  "Moreover, by providing that private

actions may be brought in state court 'if otherwise permitted by the laws or rules of court of [the]

State,' 47 U.S.C. § 227(b)(3), Congress arguably gave states leeway they would otherwise lack

to 'decide for [themselves] whether to entertain claims under the [TCPA].'" *See Mims* at 751

(quoting *Brill*, 427 F.3d at 451) (alterations in original).

       At the outset, *Mims* obviously knocks down one pillar of the Court's Order and Reasons.

*Chair King* held that the Court had only diversity jurisdiction, and therefore the Court applied

*Erie* principles to import Louisiana's substantive prescriptive law. *Mims* overruled *Chair King*. The Court now has federal-question jurisdiction over Planitiff's TCPA claims and *Erie* no longer comes into play. That basis for applying Louisiana prescriptive law in this case does not survive *Mims*.

But the Court also noted that applying Louisiana prescriptive law was "consistent with the peculiar TCPA statutory scheme as well as basic federalism concerns" because, as the Court read § 227(b)(3), Congress had created a state-law cause of action and allowed the states some leeway to restrict it. (*See* Rec. Doc. 42 at 11). Now that TCPA claims may be filed in state or federal court, the issue is whether the plain language of § 227(b)(3) independently suffices to apply state law limitations to TCPA claims, regardless of whether they are filed in state or federal court.

Defendant argues that it does, citing *Bonime v. Avaya, Inc.*, 547 F.3d 497 (2d Cir. 2008), *abrogated in part by Holster v. Gatco, Inc.*, 130 S. Ct. 1575 (2010). The Court finds *Bonime* instructive, not for the conclusion that Defendant intends but for the analysis in the concurring opinion. In *Bonime*, the Second Circuit interpreted the plain language of § 227(b)(3) as applying state-law limitations to TCPA claims in federal court under diversity jurisdiction; therefore, the court held that a New York state statute prohibiting class actions for penalties barred a proposed TCPA class action. *See* 547 F.3d at 502 ("This statutory language is unambiguous–a claim under the TCPA cannot be brought if not permitted by state law.").[3]

_____

[3]The Second Circuit had another basis for applying New York law to bar a TCPA case in federal court in diversity jurisdiction, but articulated the textual reading of § 227(b)(3) as "[a] second, independent reason [that] reinforces this conclusion." *See id.* at 502. The Supreme Court ultimately abrogated the first basis for the *Bonime* decision for reasons not relevant here, but did not address the statutory interpretation of § 227(b)(3). *See Giovanniello v. ALM Media,*

As noted above, before *Mims*, the Second Circuit (like the Fifth) held that the TCPA established exclusive state-court jurisdiction for private claims. *See Foxhall Realty Law Offices, Inc.*, 156 F.3d at 435, *overruled by Mims*, 130 S. Ct. 740. Other Circuits, including the Seventh, differed in holding that the TCPA established concurrent federal and state-court jurisdiction. *See Brill*, 427 F.3d at 450-51 (7th Cir. 2005). Acknowledging this split, Judge Calabresi concurred in *Bonime* and explained how the conflicting interpretations of § 227(b)(3) with respect to the jurisdictional question could dictate different consequences with respect to the applicability of state law:

> Federal law (the TCPA's cause of action) directs courts to look to "the laws" and "rules of court" of a state. Thus, when a state refuses to recognize a cause of action, there remains no cause of action to which any grant of federal court jurisdiction could attach. It follows that Bonime's suit must fail because Bonime lacks a cause of action on which to bring suit.
> ***This result derives inevitably from our cases, although it need not flow from every possible interpretation of the TCPA***. The Seventh Circuit, for instance, has held that federal courts may exercise federal question jurisdiction over TCPA suits. *Brill*, 427 F.3d at 451. In so doing, that court has read the language of section 227(b)(3) regarding state law and state courts as merely creating an alternative forum, rather than as foreclosing jurisdiction or relief in federal court. Indeed, the Seventh Circuit opined in *Brill* that its reading was required because "otherwise where would victims go if a state elected not to entertain these suits?" *Id.* ***On the Seventh Circuit's interpretation of the TCPA's private right of action, Appellant's suit might well be permissible***.

547 F.3d at 503-04 (Calabresi, J., concurring in judgment) (emphasis added).

The *Bonime* concurrence recognized how the question of TCPA jurisdiction (now resolved by *Mims*) has consequences for the question of state-law applicability. The key language in § 227(b)(3) states that a plaintiff may, "***if otherwise permitted by the laws*** or rules of

---

*LLC*, 660 F.3d 587, 592 & n.3 (2d Cir. 2011) (explaining the effect of *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010) on *Bonime*).

court *of a State*, bring *in an appropriate court of that State*" a TCPA claim.  This language is directed at a cause of action brought in state court.  If state courts have exclusive jurisdiction over TCPA claims, then by its plain language § 227(b)(3) necessarily applies to the entire universe of TCPA claims.  But if there is concurrent federal and state-court jurisdiction, then not every TCPA claim will be brought in a state court; consequently, the state-centric language in § 227(b)(3) might not apply to TCPA claims brought in federal court pursuant to federal question jurisdiction.

The most useful authority for interpreting the applicable statute of limitations is from courts that applied concurrent jurisdiction even before *Mims*.  In the prior Order and Reasons, the Court considered *Benedia v. Super Fair Cellular, Inc.*, No. 07 C 01390, 2007 WL 2903175 (N.D. Ill. Sept. 26, 2007), but rejected its reasoning because it applied Seventh Circuit authority and had "limited persuasive authority within the Fifth Circuit."  (Rec. Doc. 42 at 9).  *Mims* has vindicated the Seventh Circuit's approach and *Benedia* is now worth another look.  In *Benedia*, the court applied the 28 U.S.C. § 1658 four-year limitation period to a TCPA claim because there was no "express statute of limitations, or a clear direction to consult state law" in the TCPA.  *Id.* at *2.  The court examined § 227(b)(3) and found that it merely clarified that state courts also had jurisdiction over TCPA claims and some power to limit those claims in state court, without dictating limits on federal courts.  *See id.* at *2 (citing *Brill*, 427 F.3d at 451).  "Accordingly, it is possible to give effect to the phrase 'if otherwise permitted by the laws or rules of court of a State' *without applying to federal courts language directed to 'court[s] of a State'*."  *Id.*

(emphasis added).[4]

The Court agrees with the reasoning in *Benedia* and Judge Calabresi's concurrence in *Bonime*. The TCPA creates concurrent federal and state-court jurisdiction. Section 227(b)(3) applies to TCPA claims brought in state court but by its plain language does not reach a TCPA claim brought in federal court under federal-question jurisdiction. Because § 227(b)(3) does not apply to a federal-court TCPA claim, it does not import Louisiana prescriptive law to displace the default four-year statute of limitations created by 28 U.S.C. § 1658. Plaintiff's claims, as pleaded in the Complaint,[5] are timely under the four-year statute of limitations. The Court grants Plaintiff's motion for reconsideration on that basis and vacates the April 27, 2011 Order and Reasons dismissing the case as prescribed.

A few additional remarks are warranted. First, the Court sees little risk that this holding will "perversely push more claims into federal court" by forum-shopping Plaintiffs, as Defendants contend. (Rec. Doc. 56 at 5). The Supreme Court was not moved by a similar floodgate argument in *Mims*. *See* 132 S. Ct. at 752-53.

Second, the Court emphasizes that this Order and Reasons only addresses the statute of limitations or prescriptive period applicable to a case filed in federal court pursuant to federal-question jurisdiction. The prescriptive period that applies to a TCPA claim filed in Louisiana

---

[4]The Seventh Circuit has stated without elaboration that the four-year § 1658 statute of limitations applies to TCPA claims. *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F. 3d 560, 561 (7th Cir. 2011) ("The statute of limitations is four years. 28 U.S.C. § 1658.").

[5]Plaintiff pleaded diversity as a grounds for jurisdiction in his Complaint, but when the Complaint was filed federal-question jurisdiction was foreclosed by then-binding Fifth Circuit precedent. The Court concludes that paragraph four of the Complaint adequately invokes the now-available federal-question jurisdiction.

state court, or filed in state court and removed to this Court, remains to be decided in another

case presenting those facts.

Accordingly, the Court's Order and Reasons of April 27, 2012, which dismissed

Plaintiff's claim as prescribed, is VACATED.

### C.    Defendant's Original Alternative Grounds for Dismissal

In Defendant's original motion to dismiss (Rec. Doc. 15), it also moved to dismiss a

subset of Plaintiff's claims predicated on violation of certain FCC regulations promulgated

pursuant to its TCPA authority.  Those regulations require telemarketers to "institute[]

procedures for maintaining a list of persons who request not to receive telemarketing calls made

by" that marketer.  47 C.F.R. § 64.1200(d) (setting forth required procedures); *id.* at § 64.1200(e)

(applying § 64.1200(d) requirements to marketers who call wireless telephones).  In its opening

brief, Defendant argued that the claims for violations of those do-not-call list regulations should

be dismissed as not pleaded with sufficient factual particularity under Federal Rule of Civil

Procedure 8(a).  Defendant also argued that none of the available TCPA private rights of action

permit a recovery for violating those regulations.  Plaintiff did  not brief the latter argument, as it

was contained in Defendant's reply brief.

The Court agrees with Defendant at least to the extent that the Complaint simply recites

the requirements of 47 C.F.R. § 64.1200(d) and conclusorily alleges that they were violated.  The

regulation relates to a marketer's duty to prepare internal policies to receive and implement

affirmative requests not to receive calls; Plaintiff does not allege that he made any such

affirmative request to Defendant, and therefore it is not clear how the provision was violated.  In

his opposition, Plaintiff points to 47 C.F.R. § 64.1200(d)(4), which requires telemarketers to

include certain information with a marketing call, but at least one court has held that violations of (d)(4) are not privately actionable under the TCPA.  *See Burge v. Assoc. Health Care Mgmt.*, No. 1:10-CV-00100, 2011 WL 379159, at *4 (S.D. Ohio Feb. 2, 2011).

At present, Plaintiff does not appear to have stated a claim for any violation of 47 C.F.R. § 64.1200(d) or (e).  However, at some later time it may be appropriate to revisit the matter if Plaintiff can articulate a plausible factual and legal basis to recover for violation of those regulations.

**IV.    Conclusion**

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is GRANTED.  The Court's Order and Reasons of April 27, 2011 (Rec. Doc. 42) and Judgment (Rec. Doc. 43) are VACATED.  Defendant's Motion to Dismiss (Rec. Doc. 15) is GRANTED only with respect to Plaintiff's claims for violations of 47 C.F.R. § 64.1200(d) and (e), and DENIED in all other respects.  This case is REOPENED for further proceedings.

 IT IS FURTHER ORDERED that a telephone status conference will be held on Friday, April 13 at 9:00 a.m. CST to discuss scheduling in this case.  The Court will initiate the call.

New Orleans, Louisiana, this 5th day of April, 2012.

UNITED STATES DISTRICT JUDGE