# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN BAILEY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-04** |
| | * | |
| **DOMINO'S PIZZA, LLC** | * | **SECTION "L"(3)** |

## ORDER & REASONS

The Court has pending before it Defendant Domino's Pizza LLC.'s Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Rec. Doc. 66). The Court has reviewed the briefs and now issues this Order and Reasons.

**I.     Background**

This putative class action arose out of alleged unsolicited cellular phone text messages sent by Defendant, Domino's Pizza LLC, to Plaintiff Jonathan Bailey and other Louisiana recipients. Plaintiff alleged that he had received three unsolicited text messages on his cellular phone advertising discounts on Domino's Pizza products. The last message had allegedly been sent on April 3, 2009. He filed suit in this Court on December 22, 2010, asserting violations of the Telephone Consumer Protection Act and associated regulations. The Complaint proposed a class action on behalf of "[a]ll persons in the state of Louisiana who, within the last four years, received a text message advertisement on their cellular telephone placed or transmitted by or on behalf of Domino's Pizza LLC without the subscriber's express consent." (Rec. Doc. 1 at ¶ 30).

On February 21, 2011, Defendant filed a motion to dismiss. (Rec. Doc. 15). On April 27, 2011, relying on Fifth Circuit precedent, the Court issued an Order and Reasons granting

Defendant's motion to dismiss (Rec. Doc. 42), but on January 18, 2012, the Supreme Court overruled the Fifth Circuit precedent relied on by the Court in granting that motion, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). Accordingly, on April 5, 2012, the Court issued an order granting Plaintiff's motion for reconsideration (Rec. Doc. 45) and vacating its prior dismissal of most of Plaintiff's claims. (Rec. Doc. 59).

Soon after the case was reopened, Defendant submitted a motion for summary judgment on the grounds that Plaintiff Bailey had actually consented to receive the text messages described in the Complaint. (Rec. Doc. 63). Defendant's motion contained affidavits and database printouts from Defendant's third-party vendor indicating that Plaintiff had created an account on Defendant's website and provided his phone number to receive text message advertisements in the process of doing so. Plaintiff moved to set a scheduling conference in order to set discovery deadlines pursuant to LR 26.1. (Rec. Doc. 76). The Court denied Plaintiff's motion, noting in its order that at this point in the litigation, Plaintiff was entitled to limited discovery only, the scope of which would be framed by Defendant's motion. (Rec. Doc. 78).

On May 4, 2012, Plaintiff served Interrogatories, Requests for Production of Documents, and Requests for Admission of Fact. On June 11, 2012, Defendant issued its Responses and Objections to those requests. Defendant objected to many of Plaintiff's requests as beyond the scope of the summary judgment motion. On June 26, 2012, Plaintiff filed a motion to compel. (Rec. Doc. 84). On July 3, 2012, Plaintiff filed a motion to stay proceedings on Defendant's motion for summary judgment pending further discovery (Rec. Doc. 99).[1] Around this time,

---

[1] Plaintiff also filed a response to Defendant's motion for summary judgment and attached affidavits from him and his counsel stating that he had not consented to receive text messages. (Rec. Doc. 97). Defendant then filed a motion to strike Plaintiff's affidavits. (Rec. Doc. 105).

2

Defendant also supplemented its discovery responses to Plaintiff. On July 9, 2012, the parties informed the Court that they had agreed to a dismissal of Plaintiff's claims, but that Defendant reserved the right to pursue its motion for sanctions. (Rec. Doc. 120). The next day, the parties filed a stipulation of dismissal to that effect. (Rec. Doc. 115).

## II. Present Motion

Although Plaintiff's claims have been dismissed, Defendant's motion for Rule 11 sanctions (Rec. Doc. 66) remains pending before the Court. Defendant argues that Plaintiff was aware that he had opted in to receive text messages, but nonetheless falsely alleged that he had not provided such consent when he brought the instant case. Defendant further argues that Plaintiff's counsel did not perform a reasonable inquiry as required by Rule 11 before filing the Complaint. Defendant requests compensation for attorney's fees spent litigating its motion to dismiss and the instant motion.

Plaintiff responds that Rule 11 sanctions are reserved for relatively rare circumstances and cites the five factors laid out in *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 875 (5th Cir. 1988), for support. Furthermore, Plaintiff notes that he agreed to dismiss the case after finally receiving certain information, originally requested long ago, on July 3, 2012; essentially, Plaintiff argues that the protracted nature of the case is Defendant's fault, since Defendant delayed the provision of that information. Plaintiff also argues that Defendant failed to send the required letter before filing this motion. Plaintiff counter-requests sanctions against Defendant and asks for compensation for the cost of opposing Defendant's Rule 11 motion. (Rec. Doc. 98 at 10-12).

3

## III. Law & Analysis

Pursuant to Federal Rule of Civil Procedure 11(b), an attorney who presents a written motion to the Court

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivilous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"[T]he central purpose of Rule 11 is to deter baseless filings in district court . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Under Rule 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation." Rule 11(c)(2) prescribes the procedure for filing a motion for sanctions under Rule 11:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's

fees, incurred for the motion.

Defendant argues that Plaintiff has violated Rule 11.  Specifically, Defendant claims that Plaintiff and his counsel knew that Plaintiff had opted in to receive text messages from Defendant before filing suit, but nonetheless made false allegations to the contrary in the Complaint.  Defendant argues that the fact of consent was within Plaintiff's knowledge when he filed the Complaint, that Plaintiff had made a statement on his website ("I don't recall clearly giving my approval.") suggesting that he was aware of having given consent, and that Plaintiff failed to withdraw the Complaint after Defendant brought to his attention persuasive evidence demonstrating that Plaintiff had opted in.  Defendant argues that Plaintiff's counsel failed to perform a reasonable inquiry, as required by Rule 11, by relying blindly on Plaintiff's statements and failing to investigate records (such as Plaintiff's credit card statements) that were within Plaintiff's control.

Plaintiff responds that the factors set out in *Thomas* weigh in his favor.  In particular, Plaintiff argues that discovery was needed to evaluate the consent issue, since the relevant information was in Defendant's control, and points to the fact that he agreed to dismiss his claims as soon as he received certain discovery from Defendant.  *See Thomas*, 836 F.2d at 866.  Furthermore, Plaintiff argues that his web post was not necessarily inconsistent with the allegations in the Complaint, since it suggests that at the time of the post, Plaintiff was simply not sure whether he had consented.  Plaintiff requests sanctions against Defendant for filing a motion for sanctions before the completion of discovery.

The Court finds that no Rule 11 violation occurred and declines to impose sanctions on

either party.[2] It is apparent from the parties' briefs and exhibits that Plaintiff consented to receive text messages from Defendant while filling out an online order form on Defendant's website. The Court believes that Plaintiff either failed to realize he was opting in to receive text messages while completing this form, or later forgot that he had opted in while doing so. Furthermore, it was reasonable for counsel to rely on his client's statements in this type of case, where the most reliable evidence of Plaintiff's consent was in Defendant's possession, and Plaintiff's principal evidence at the beginning of the litigation was his personal recollection of events. "[T]he feasibility of a prefiling investigation" was limited in this case. *Thomas*, 836 F.2d at 875. Thus, it was reasonable for counsel to rely on Plaintiff's assertion that he had not consented to receive text messages.[3]

Rule 11 is reserved for the rare circumstances in which the Court feels that counsel is motivated by an "improper purpose." In this case, Plaintiff's counsel may have had an incorrect impression of the underlying facts, and may not have pursued every possible avenue of investigation before filing the complaint, but those facts alone do not constitute a Rule 11 violation. Similarly, while the Court finds that Defendant's motion for sanctions is not meritorious, the Court does not believe that the motion was filed for an improper purpose, and thus declines to impose sanctions on Defendant. Neither the original Complaint nor the instant

---

[2]Because the Court finds that no Rule 11 violation occurred, it does not reach the issue of whether Defendant was required to send a second letter to Plaintiff's counsel before refiling its previously submitted motion for sanctions.

[3]Defendant argues that Plaintiff's counsel could have inspected Plaintiff's credit card statements or other records. The Court agrees that Plaintiff's counsel may not have performed the fullest investigation possible, but the Court also notes that Rule 11 does not require the fullest possible inquiry—only a "reasonable inquiry" is required.

motion constitute "baseless filings" as contemplated by Rule 11.  Therefore, both requests for sanctions must be denied.

**IV.     Conclusion**

For the foregoing reasons,

IT IS ORDERED that Defendant's Motion for Sanctions and Plaintiff's counterrequest for sanctions are DENIED.

New Orleans, Louisiana, this 12th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE